UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTA CESILIA ESCALANTE
PEREZ,

                    Petitioner,

        v.

JULIO HERNANDEZ; TODD
LYONS; KRISTI NOEM[1]; PAMELA
BONDI[2]; BRUCE SCOTT; and
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW (EOIR),

                    Respondents.

C26-0956 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

Petitioner is a single mother of two children, one of whom (a son) is not quite six years old and a United States citizen, and the other of whom (a daughter) is not yet of

---

[1] Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, is substituted for former Secretary Kristi Noem.  *See* Fed. R. Civ. P. 25(d).

[2] Todd Blanche, Acting U.S. Attorney General, is substituted for former Attorney General Pamela Bondi.  *See* Fed. R. Civ. P. 25(d).

ORDER - 1

high school age.  *See* Pet. at ¶¶ 52 & 94 (docket no. 1); Ex. 7 to Pritchard Decl. (docket no. 3-7 at 62–64).  Petitioner is a citizen of the Republic of Guatemala, where she was subjected to gang rapes, once at the age of 14 and again at the age of 17.  Pet. at ¶¶ 52–53; *see* Escalante Perez Decl. at ¶ 3 (docket no. 2).  In October 2015, at the age of 18, petitioner entered the United States with her daughter and sought asylum.  Pet. at ¶ 53; Escalante Perez Decl. at ¶¶ 3–4.  From October 25, 2015, until August 7, 2025, petitioner was at liberty pursuant to an Order of Release on Recognizance ("OREC").  *See* Ex. 1 to Pritchard Decl. (docket no. 3-1).  Petitioner consistently reported to the U.S. Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"), as required by the OREC, until March 2020, when the coronavirus ("COVID") pandemic began, and she has remained crime free during the over ten years she has been in this country.  *See id.*; *see also* Pet. at ¶¶ 54 & 61; Bloom Decl. at ¶ 5 (docket no. 15) (indicating that petitioner was compliant with the OREC until 2020); Ex. 2 to Van Daley Decl. (docket no. 16-2 at 4) (reflecting that petitioner "does not have any known criminal history in the United States").

From 2019 until 2024, petitioner was in an abusive relationship with the father of her son, *see* Pet. at ¶ 58; Exs. 12 & 13 to Pritchard Decl. (docket nos. 3-12 & 3-13), and after a domestic violence incident in March 2024, for which petitioner's batterer was subsequently charged and convicted, *see* Ex. 12 to Pritchard Decl. (docket no. 3-12 at 10–13), petitioner ceased answering calls and letters from ICE Enforcement and Removal Operations ("ERO"), *see* Ex. 2 to Van Daley Decl. (docket no. 16-2 at 5).  Meanwhile, in January 2023, an immigration judge had terminated petitioner's removal proceedings

ORDER - 2

upon DHS's motion, *id.*; *see also* Bloom Decl. at ¶ 6 (docket no. 15); Ex. 2 to Pritchard Decl. (docket no. 3-2), and when petitioner was re-detained in August 2025, she was not subject to any order of removal, notice to appear, or arrest warrant.  Rather, on August 7, 2025, while petitioner was traveling to work as a passenger in a van driven by Alfredo Carillo-Cruz, she was taken into custody, without any pre-deprivation process, after ERO officers smashed the driver's side window and "escorted" Carillo-Cruz out of the vehicle. Ex. 2 to Van Daley Decl. (docket no. 16-2 at 3–4); Pet. at ¶ 62; *see* Escalante Perez Decl. at ¶ 10.  Petitioner was transferred from a facility in Portland, Oregon to the Northwest ICE Processing Center ("NWIPC"), *see* Ex. 2 to Van Daley Decl. (docket no. 16-2 at 4); Pet. at ¶ 66, and she has been in custody for over eight months.

In October 2025, an immigration judge denied petitioner's asylum application and ordered her removed to Guatemala.  Ex. 4 to Van Daley Decl. (docket no. 16-4).  This decision is currently pending review by the Board of Immigration Appeals.  *See* Pet. at ¶ 67; Ex. 11 to Pritchard Decl. (docket no. 3-11).  In mid-November 2025, petitioner submitted a Form I-918 application for U Nonimmigrant Status (a "U Visa"), which is based on her being a victim of domestic violence assault and kidnapping; the U Visa petition is now before U.S. Citizenship and Immigration Services.  Ex. 7 to Pritchard Decl. (docket no. 3-7 at 30–56); Pet. at ¶ 68.  In late November 2025, another judge in this district directed that petitioner be provided a bond hearing, concluding that the immigration judge had erred in previously ruling that petitioner was subject to mandatory detention under Immigration and Nationality Act § 235(b), 8 U.S.C. § 1225(b).  *See Del Valle Castillo v. Wamsley*, No. 25-cv-2054, 2025 WL 3524932 (W.D. Wash. Nov. 26,

ORDER - 3

2025).  At a bond hearing conducted on December 9, 2025, the immigration judge declined to conditionally release petitioner, checking on the form order the box for "Flight Risk."  *See* Ex. 8 to Pritchard Decl. (docket no. 3-8).  No explanation or analysis has been provided in support of this decision.  No audio recording or transcript of the hearing was prepared, *see* Pet. at ¶¶ 77 & 84; *see also* Ex. 1 to Pritchard Decl. (docket no. 18-1), and no interpreter had been provided for petitioner, who speaks Mam, an indigenous Guatemalan language, *see* Pet. at ¶¶ 52 & 76.  On March 31, 2026, the Board of Immigration Appeals ("BIA") dismissed an appeal from the denial of bond on the ground that it was untimely filed.  *See* Ex. 5 to Van Daley Decl. (docket no. 16-5).  The issue of petitioner's custodial status is now before the Court.

**Discussion**

Respondents make no assertion that petitioner's request for habeas relief should be denied on prudential administrative exhaustion grounds.  *See* Return (docket no. 14).  Petitioner's counsel contends that the exhaustion requirement has been met because the BIA had discretion to waive the 30-day time limit on petitioner's administrative appeal, but it erroneously failed to even address whether petitioner was entitled to equitable tolling.  *See* Traverse at 3 n.2 (docket no. 17) (citing *In re Morales-Morales*, 28 I. & N. Dec. 714 (BIA 2023)).  According to petitioner's attorney, respondents have conceded this point.  *See* *id.*

The Court concludes that petitioner has exhausted her administrative remedies, but even if she has not done so, the Court would waive prudential exhaustion in light of the "irreparable injury" that might result from petitioner's continued detention and the other

ORDER - 4

factors identified in _Laing v. Ashcroft_, 370 F.3d 994 (9th Cir. 2004).  Petitioner has resided in the United States for over ten years, has been the victim of horrific abuse but has no criminal arrests or convictions of her own, has engaged in farmwork and other physical labor to support her family, and has two children, one of whom is a United States citizen, and both of whom are quite young and in need of parental supervision. Petitioner will not be required to remain at the NWIPC to pursue any administrative remedies relating to her custodial status.  _See Rosales v. Simon_, No. 26-cv-86, 2026 WL 688858, at *5 (E.D. Va. Mar. 11, 2026); _see also Garcia Ortiz v. Henkey_, No. 26-cv-43, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026).

Contrary to respondents' argument, the immigration judge's determination that petitioner presents a flight risk involves a mixed question of law and fact that is reviewable in a habeas proceeding for an abuse of discretion.  _See Martinez v. Clark_, 124 F.4th 775, 779 (9th Cir. 2024) (citing _Wilkinson v. Garland_, 601 U.S. 209 (2024)). Petitioner has demonstrated the requisite abuse of discretion.  The record unequivocally contradicts the immigration judge's flight-risk finding.  Petitioner has two children, one of whom is a citizen of, and therefore rooted in, the United States, other family members in the local area, _see_ Ex. 2 to Van Daley Decl. (docket no. 16-2 at 4), steady employment, and community connections developed during an over-ten-year period.  Petitioner has no criminal history, and her lack of or irregular contact with ICE ERO during the period from 2020 to 2025 is more consistent with the COVID pandemic and petitioner's struggles as a victim of domestic violence than with any risk that she will flee, particularly given her pending application for a U Visa, as to which she will have every

ORDER - 5

incentive to cooperate and appear for future proceedings.  Because no Mam interpreter was provided for petitioner, no record of the bond hearing was created or provided for the Court's review, and no explanation of the immigration judge's reasoning has been offered, the Court is left without information concerning whether the immigration judge could even communicate with petitioner during the bond hearing and whether the immigration judge considered the relevant (or indeed any) factors in reaching his decision.  The Court must therefore conclude that the immigration judge's flight-risk finding constitutes an abuse of discretion and that petitioner's continued detention serves no immigration purpose.  The Court will exercise its discretion to order petitioner's release.  *See* *W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026); *see also* *Lima Soriano v. Hernandez*, --- F. Supp. 3d ---, 2026 WL 969764 (W.D. Wash. Apr. 10, 2026).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and respondents shall immediately RELEASE petitioner Marta Cesilia Escalante Perez from custody at the NWIPC;

(2)     Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3)     Respondents shall return to petitioner any seized personal property;

/ / /

/ / /

ORDER - 6

(4)     Within seventy-two (72) hours of the entry of this Order, respondents shall file a declaration confirming that any seized personal property has been returned to petitioner or her attorney;

(5)     Respondents shall not re-detain petitioner, or subject petitioner to electronic monitoring, without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense;

(6)     The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.  Petitioner may submit an application for attorney's fees and costs under the Equal Access to Justice Act within thirty (30) days after judgment is entered.  _See_ 28 U.S.C. § 2412(d)(1)(B).

IT IS SO ORDERED.

Dated this 14th day of April, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 7